IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC | : | |
| | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:22-cv-00635-JCH |
| | : | |
| v. | : | |
| | : | |
| FREVVO, INC. | : | |
| | : | |
| Defendant. | : | August 17, 2022 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT FREVVO, INC'S MOTION TO DISMISS
OR, ALTERNATIVELY, TRANSFER FOR LACK OF VENUE**

The District of Connecticut is not a proper venue for this patent infringement action initiated by Plaintiff Digital Verification Systems, LLC ("Plaintiff") against Defendant Frevvo, Inc. ("Defendant" or "Frevvo"). In the wake of *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2007), there is no doubt that Defendant, a Delaware corporation, does not "reside" in Connecticut for purposes of the first prong of the patent venue statute, 28 U.S.C. § 1400(b). Nor does Defendant have a "regular and established place of business" in this District for purposes of the second prong of § 1400(b). Defendant has no office or established place of business in Connecticut. Instead, its products and services are supported by the sole office of its parent company, DocuPhase, located in Clearwater, Florida. Because venue in this patent infringement case is governed exclusively by § 1400(b), and Plaintiff cannot satisfy either prong of that statute, venue is improper in this District. Accordingly, Defendant respectfully requests that the Court dismiss this case or, alternatively, transfer this case to the Middle District of Florida pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(3) and 28 U.S.C. § 1406(a).

## I. STATEMENT OF RELEVANT FACTS

Frevvo is a Delaware corporation with no office or physical place of business in Connecticut. (*See* Declaration of Dan Gaertner in Support of Defendant Frevvo, Inc.'s Motion to Dismiss or, Alternatively, Transfer for Lack of Venue ("Gaertner Decl.") ¶¶ 4-5). In its Complaint filed on May 6, 2022 (Docket No. 1 ("Compl.")), Plaintiff alleges, on information and belief, that Defendant has a place of business at 500 E Main ST, Branford CT 06405 (the "Connecticut Office"). (Compl. ¶ 4). However, Defendant closed the Connecticut Office in February 2022. (Gaertner Decl. ¶ 5). Since closing the Connecticut Office, Frevvo no longer maintains a regular and established place of business in Connecticut. (*Id.*).

Frevvo's principal place of business is located in Clearwater, Florida, not Connecticut. (Gaertner Decl. ¶ 7). Indeed, the majority of the employees with information about Frevvo's products and services are located in Florida, not Connecticut, and Frevvo does not have any physical servers storing software or any other physical documentary evidence in Connecticut. (Gaertner Decl. ¶¶ 6, 8).

## II. LEGAL STANDARD

Venue in patent cases is governed exclusively by 28 U.S.C. § 1400(b), which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *Id.*; *see TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1518 (2017). For purposes of this statute, "resides," as applied to a domestic corporation, refers to its place of incorporation. *TC Heartland LLC*, 137 S. Ct. at 1517. A defendant has a regular and established place of business under § 1400(b) if the following requirements are met: "(1) there must be a physical place in the district; (2) it must be a regular and established

place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

The Federal Rules of Civil Procedure provide "an avenue by which a party can seek to dismiss a lawsuit for improper venue." *See* Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing proper venue when a defendant challenges venue in a patent case. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Where venue is improper, the case must be dismissed or, "if it be in the best interest of justice," transferred to a district where the case could have been brought. 28 U.S.C. § 1406(a).

### III.   ARGUMENT

Plaintiff cannot establish that venue is proper in this District because, as detailed below, (a) Defendant does not reside in this District and (b) Defendant does not have a regular and established place of business in this District. Therefore, Plaintiff cannot satisfy either prong of 28 U.S.C. § 1400(b). As a result, the Court should dismiss this action or, alternatively, transfer this action to the Middle District of Florida where Defendant has a physical office and where relevant evidence is likely located.

**A.   This Action Should be Dismissed or Transferred Because Venue in this District is Improper.**

Plaintiff cannot establish that venue is proper in this District under either prong of 28 U.S.C. § 1400(b). First, Plaintiff incorrectly alleges that Defendant is deemed to reside in this District. (*See* Compl. ¶ 7). A domestic corporation is deemed to "reside," for the purposes of venue in a patent infringement action, in its place of incorporation. *See TC Heartland LLC*, 137 S. Ct. at 1517. However, there is no dispute that Defendant is a Delaware corporation. (*See* Compl. ¶ 4; Gaertner Decl. ¶ 4). Indeed, Plaintiff alleges that "Defendant is a Delaware corporation." (*See*

Compl. ¶ 4). Therefore, it is clear that, for the purposes of assessing the appropriate venue for this action under § 1400(b), Defendant does not reside in Connecticut.

Second, Plaintiff alleges that venue is proper in this District under 28 U.S.C. § 1400(b) because "acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District." (*See* Compl. ¶ 7). In support of its venue argument, Plaintiff alleges that Defendant has a regular and established place of business in this District located at 500 E Main ST, Branford CT 06405. (*See* Compl. ¶ 4). However, the Connecticut Office closed in February 2022, months before Plaintiff filed the instant Complaint. (Gaertner Decl. ¶ 5). Since closing the Connecticut Office, Defendant no longer maintains a regular and established place of business in Connecticut. (*Id.*). Since Defendant has no physical place in Connecticut that it uses as a regular and established place of business, venue cannot be proper under the second prong of 28 U.S.C. § 1400(b). *See In re Cray*, 871 F.3d at 1360.

Because it is clear that Defendant does not reside in this District or maintain a regular and established place of business in this District, venue is not proper in this District, and this action should be dismissed.

**B.    If Transferred, the Middle District of Florida is the Appropriate Forum.**

For the reasons stated above, venue in this District is improper. Where venue is improper and it is in the best interest of justice, the case shall be transferred "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, the action could have been brought in the Middle District of Florida because Defendant maintains its main office in that district. (*See* Gaertner Decl. ¶ 7). Additionally, transfer to the Middle District of Florida is appropriate pursuant to 28 U.S.C. § 1404(a) because it is the most convenient forum.

### 1. Plaintiff Could Have Brought This Case in the Middle District of Florida.

Plaintiff could have filed this case initially in the Middle District of Florida because both jurisdiction and venue are proper there. *See, e.g.*, *WorldCare Corp. v. World Ins. Co.*, 767 F. Supp. 2d 341, 366 (D. Conn. 2011) (concluding that "this action could have been brought in the proposed transferee District of Nebraska" because "jurisdiction and venue would be proper" there). The Middle District of Florida therefore has original subject matter jurisdiction over a patent infringement case under 28 U.S.C. §§ 1331 and 1338(a). The Middle District of Florida also may exercise personal jurisdiction over Defendant based on the location of its place of its business there. *See Daimler AG v. Brauman*, 134 S. Ct. 746 760 (2014) (a corporate defendant's principal place of business is a "paradigm all-purpose forum[]" for the exercise of personal jurisdiction).

Defendant's maintenance of a regular and established place of business in Clearwater, Florida likewise renders the Middle District of Florida a proper venue under the second prong of 28 U.S.C. § 1400(b).

Because jurisdiction and venue are proper in the Middle District of Florida, § 1406(a) allows transfer to that district if it would be "in the interest of justice." As detailed below, the interest of justice strongly favors transfer to the Middle District of Florida.

### 2. The Interest of Justice Favors Transfer to the Middle District of Florida.

The "interest of justice" analysis under 28 U.S.C. § 1406(a) is identical to that under 28 U.S.C. § 1404(a), which permits a court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice." *Edgewell Personal Care Brands, LLC v. Munchkin, Inc.*, 2018 WL 4854190, at *4 (D. Conn. Mar. 29, 2018). The district court should consider factors affecting the interest of justice and trial efficiency, such as the convenience of witnesses and parties, the location of relevant documents and relative ease of access to sources of proof, the locus of operative facts, and other factors. *Id.* (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95,

106-07 (2d Cir. 2006); *N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am. Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)).

Here, the consideration of these factors clearly favors transfer to the Middle District of Florida over any other forum. First, the Middle District of Florida is the forum in which Defendant maintains a regular and established place of business. (*See* Gaertner Decl. ¶ 7). Relatedly, it is where the majority of the employees with information about Frevvo's products and services are likely located. (*See id.* at ¶ 8). As a result, it is also the district most likely to be convenient to any potential witnesses, to have the availability to compel the attendance of unwilling witnesses, to be the location of relevant documents or other physical documentary evidence, and to be the locus of operative facts. Therefore, transfer to the Middle District of Florida rather than any other district would be in the "interest of justice" pursuant to 28 U.S.C. § 1406(a).

## IV.    CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court dismiss this action or, alternatively, transfer this action to the U.S. District Court for the Middle District of Florida.

> THE DEFENDANT,
> FREVVO, INC.
>
> By  */s/ Kristen L. Zaehringer*
> Kristen L. Zaehringer (ct27044)
> HURWITZ SAGARIN SLOSSBERG & KNUFF, LLC
> 147 North Broad Street
> Milford, CT 06460
> Tel: (203) 877-8000/Fax: (203) 878-9800
> Juris No. 026616
> KZaehringer@hssklaw.com

## CERTIFICATE OF SERVICE

This is to certify that on August 17, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing. Parties may access this filing through the Court's electronic system.

                                            */s/ Kristen L. Zaehringer*
                                            Kristen L. Zaehringer